HAYLEY M. LENAHAN, #343528
hlenahan@donahue.com
DAWN NEWTON, #209002
dnewton@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:    (510) 451-3300
Facsimile:    (510) 451-1527

Evan M. Goldman (*pro hac vice* forthcoming)
Thomas Emmons (*pro hac vice* forthcoming)
THE FRANCHISE FIRM LLP
225 Wilmington West Chester Pike, Suite 200
Chadds Ford, Pennsylvania 19317
Tel: 215.965.1553
evan@thefranchisefirm.com
tom@thefranchisefirm.com

Attorneys for Plaintiff
MICHELLE MOORE LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MICHELLE MOORE LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>TOVES CLIMO LLC, TOVES INDUSTRIES LLC, MARC TOVES, and RICHARD CLIMO,<br><br>　　　Defendants. | **COMPLAINT**<br><br>Case No. |

4916-9149-2928.1

Case No.

COMPLAINT

Plaintiff, Michelle Moore LLC, by and through its attorneys, and for its Complaint, alleges:

**THE PARTIES**

1.  Plaintiff, Michelle Moore LLC ("Plaintiff"), is California limited liability company with a business address in Columbia, Missouri. All members of Plaintiff are residents of the State of Missouri. Plaintiff is a master franchisee of Bober Franchises PTE, LTD.

2.  Defendant, Marc Toves ("M. Toves"), is an individual and principal of Toves Climo LLC. M. Toves resides in Sacramento, California.

3.  Defendant, Richard Climo ("R. Climo," collectively M. Toves the "Individual Defendants"), is an individual and principal of Toves Climo LLC. R. Climo resides in Sacramento, California.

4.  Defendant, Toves Industries LLC, is a California limited liability company incorporated with a business address in Sacramento, California (TI LLC"). All members of TI LLC are residents of the State of California.

5.  Defendant, Toves Climo LLC, is a California limited liability company incorporated with a business address in Sacramento, California ("TC LLC", collectively with TI LLC, M. Toves, and R. Climo "Defendants"). All members of TC LLC are residents of the State of California.

**JURISDICTION AND VENUE**

6.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and is between citizens of different states. This Court also has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) as to claims asserted under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court also has original jurisdiction over the claim of unfair competition pursuant to 28 U.S.C. § 1338(b).

7.  This Court also has original subject matter jurisdiction as to the claims other than those based on the Lanham Act, under 28 U.S.C. § 1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.

8. Further, an actual, justiciable controversy now exists between the parties, and the requested relief is proper under 28 U.S.C. §§ 2201-2202.

9. Venue is appropriate in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendants are subject to the court's jurisdiction with respect to this action in this district.

## FACTUAL ALLEGATIONS

**The Bober Tea Business System and Trademarks**

10. Bober Tea is an established retail beverage outlet chain offering bubble tea and mochi donuts to the general public, operated by Plaintiff throughout the United States.

11. Plaintiff licenses others to use its federally-registered trademark, the stylized design logo associated with MOCHI DOUGH PREMIUM JAPANESE DONUTS that is the subject of U.S. Trademark Registration Number 97202987 (the "Mochi Dough Mark") in the sale of goods and services associated with certain approved products and supplies.

12. Further, through an agreement with Bober California Franchises PTE, LTD, Plaintiff licenses others the right to use the Bober Tea franchise System.

13. Through the use of time, skill, effort, and money, Plaintiff is the owner and has developed the Mochi Dough Mark, which has been used in the development, organization, and operation of a System of retail beverage outlets offering bubble tea and mochi donuts to the general public.

14. Plaintiff has entered into franchise agreements for the right to sell certain products and services utilizing the Mochi Dough Mark at various locations throughout the United States.

15. Plaintiff consists of the manner in which the franchisee is licensed to offer and sell certain products, and certain other trade secrets and proprietary information, as designated and adopted by Plaintiff.

16. Plaintiff goes to great lengths to keep its trade secrets and proprietary information secret and out of the hands of the general public.

17. Plaintiff has developed the Mochi Dough Mark for use in the operation of licensed Bober Tea businesses, which include the following trademark, which has been registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| Mark | Registration No. | Registration Date |
|---|---|---|
| mochi dough PREMIUM JAPANESE DONUTS | 97202987 | October 8, 2024 |

18. The foregoing registration is valid, subsisting, in full force and effect, and covers the goods and services identified in the registration certificates. The registration is incontestable under the Lanham Act, 15 U.S.C. § 1065. A copy of the certificate of registration for the Mochi Dough Mark is attached hereto as Exhibit A.

19. The Mochi Dough Mark has been used exclusively by Plaintiff, and its designated licensees, in commerce in connection with the operation of Bober Tea businesses since December 2022. Since that time, the Bober Tea brand has grown to over twenty-seven (27) locations in multiple states (including Defendants' locations in Martinez, California, Roseville, California, and Stockton, California).

20. The Mochi Dough Mark has become a valuable asset of substantial and inestimable worth to Plaintiff. The Mochi Dough Mark is a symbol of quality experience served by Bober Tea. Plaintiff has a vital economic interest in protecting its name and the Mochi Dough Mark. The preservation and protection of its name and the Mochi Dough Mark is essential to the maintenance of the quality of Bober Tea business, and the goodwill and reputation associated with them.

**Defendants Entered into the Franchise Agreement and Received Substantial Training, Operating Assistance, and Ongoing Support for the Martinez Location**

21. On or about May 23, 2022, Plaintiff and TC LLC entered into franchise agreements through which Defendants, jointly and/or severally, would operate Bober Tea franchises in Martinez, California and Roseville, California (the "First Agreements").

22. Plaintiff and TI LLC subsequently entered into an arrangement whereby Defendants would operate the Bober Tea franchise in Stockton, California (the "Stockton Agreement", collectively with the First Agreements the "Franchise Agreements").

23. The Franchise Agreements were personally guaranteed by the Individual Defendants (the "Personal Guaranties").

24. The Individual Defendants underwent Plaintiff's training program in Sacramento, California in or about Summer 2022. At that time, Plaintiff provided the Individual Defendants access to its Operations Manual (the "Manual"), which contained the operating instructions and additional information relevant to the operation of the business. This included, but was certainly not limited to, recipes.

25. After that time, Plaintiff provided ongoing training, support (including in-person training in each location), and guidance to Defendants, who operated Bober Tea locations in Martinez, California, Roseville, California, and Stockton, California (the "Formerly-Franchised Businesses").

26. Thereafter, Plaintiff provided Defendants with *significant* financial support, including:

    a. Loaning $50,000 to TC LLC for the operation of the Martinez location (the "Martinez Loan");

    b. Investing $430,000 in the Stockton location;

    c. Providing Defendants with nearly $100,000 in inventory for the Roseville location and having to cover unpaid rent for the Roseville location;

    d. Providing Defendants with over $45,000 in inventory for the Stockton location; and

    e. Providing Defendants with payroll advances and rent payments for the Martinez location.

27. As of the date of this filing, none of the aforementioned financial contributions from Plaintiff have been repaid by Defendants.

///

**Default and Termination of the Franchise Agreements**

28. Since at least February 2024, Defendants became in default of the Franchise Agreement in that, among other things, Defendants failed to submitted sales data. Additionally, since at least June 2024, Defendants became in default of the Franchise Agreement in that, among other things, Defendants failed to pay monthly royalties for the month of May 2024 for any of the Formerly-Franchised Businesses.

29. Defendants' failure to pay royalties persisted for ten (10) months thereafter, culminating in Plaintiff sending a Notice of Default to TC LLC, through then-counsel, on February 11, 2025, advising them of their various defaults under the Franchise Agreements, and providing them with a limited opportunity to cure (the "Default Notice").

30. Defendants failed to cure the enumerated defaults within the time set forth in the Franchise Agreements, while also failing to pay royalties for the months of March and April 2025.

31. As such, on April 20, 2025, Plaintiff sent Defendants a Notice of Termination which, effective immediately, terminated the Franchise Agreement associated with the Martinez Location, while also reminding Defendants of their post-termination obligations under the Franchise Agreements (the "Termination Notice").

32. Notwithstanding the Termination Notice, Defendants have continued operating the Martinez and Stockton Formerly-Franchised Businesses using the Mochi Dough Mark and/or the Bober Tea System (as defined in the Franchise Agreement) without Plaintiff's authorization, such as:

33. In addition to failing to deidentify pursuant to the Franchise Agreements, Defendants removed a large amount of inventory and equipment from the Roseville location after receiving the Termination Notice.

34. Pursuant to Section 15 of the Franchise Agreements, Defendants expressly agreed that, upon termination of the Franchise Agreements, they would (among other things) (i) cease to operate the Formerly-Franchised Businesses; (ii) make full and immediate payment to Plaintiff for all amounts due; (iii) return to Plaintiff all property belonging to Plaintiff; and (iv) cease to display any signs, logos, symbols related to Bober Tea or Mochi Dough (the "Post-Termination Obligations").

35. As a result of the valid termination of the Franchise Agreements, and pursuant to the Personal Guaranties thereof, Defendants are required to abide by the post-termination obligations of the Franchise Agreements.

36. As of the date of this filing, Defendants are intending to continue operating the Formerly-Franchised Businesses, using the Mochi Dough Mark and Bober Tea System, in violation of the Post-Termination Obligations.

37. Defendants' failure to abide by the Post-Termination Obligations required under the Franchise Agreements, and continued use of the Mochi Dough Mark and Bober Tea System, in connection with the operation of boba tea cafés at the sites of the Formerly-Franchised Businesses has caused, and is continuing to cause, irreparable harm.

38. As this is an exceptional case of trademark infringement based upon Defendants' deliberate, willful, and bad faith acts of infringement, Plaintiff is entitled to recover its attorneys' fees under 15 U.S.C. § 1117(a).

39. Defendants have not voluntarily ceased their unlawful acts, thus necessitating the present lawsuit.

///

**COUNT I:**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,**
**AND FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a) and Common Law)**

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 hereof.

41. Plaintiff has spent substantial sums to promote, and has generated substantial revenue and recognition from, the Mochi Dough Mark, which is distinctive.

42. The distinctive Mochi Dough Mark has become impressed upon the minds of the trade and public and identifying Bober Tea products and services, as part of a national franchise, and consumers understand that Mark and logos to indicate the source or origin of such products and services provided in connection with boba tea and mochi donut cafes.

43. Plaintiff has developed a large and valuable franchise system through its use of the Mochi Dough Mark, and the reputation and goodwill in that Mark is of great value to Plaintiff.

44. Defendants have used in commerce the Mochi Dough Mark without Plaintiff's consent or authorization.

45. Such use of the Mochi Dough Mark is likely to confuse consumers into believing that Defendants and their cafés are associated with, endorsed by, or sponsored by, Plaintiff when they are not.

46. Defendants' conduct constitutes false designation of origin, and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law.

47. As a result of Defendants' willful and intentional acts, Plaintiff has incurred attorneys' fees and expenses.

48. Defendants have caused and, unless restrained by this Court, will continue to case, irreparable harm, damage, and injury to Plaintiff.

49. Plaintiff has no adequate remedy at law.

**COUNT II:**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 49 hereof.

51. Plaintiff owns a federal registration for the Mochi Dough Mark in connection with its café services, namely, U.S. Reg. No. 97202987 (the "Registration").

52. The Registration serves as prima facie evidence of the validity of the registered Mark and of Plaintiff's exclusive right to use the Mark in commerce pursuant to 15 U.S.C. § 1115(a).

53. Defendants have used a colorable imitation of the registered Mark in connection with the sale, offering for sale, distribution, and advertising of foods and services in a manner likely to cause confusion, or to cause mistake, or to deceive.

54. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55. Defendants' willful and intentional actions have caused, and unless restrained by this Court, will continue to cause irreparable harm and injury to Plaintiff.

56. Plaintiff has no adequate remedy at law.

**COUNT III:**
**TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 hereof.

58. The Mochi Dough Mark is a famous trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59. Defendants' action and conduct, as set forth herein, constitute dilution of the famous Mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

60. Plaintiff is entitled to injunctive relief under Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

61. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer irreparable damage to reputation and goodwill for which it has no adequate remedy at law.

62. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages from Defendants caused by their unlawful use of the Mochi Dough Mark, in an amount to be determined at trial.

**COUNT IV:**
**BREACH OF CONTRACT**
**(Injunctive Relief)**

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 62 hereof.

64. The First Agreements are valid contracts executed by Plaintiff and TC LLC, as guaranteed by the Individual Defendants.

65. The Stockton Agreement is a valid contract executed by Plaintiff and TI LLC, as guaranteed by the Individual Defendants.

66. Defendants breached the Franchise Agreements by continuing to use the Mochi Dough Mark following termination of the Franchise Agreements.

67. Defendants breached the Franchise Agreements by continuing to operate cafés at the site of the Formerly-Franchised Businesses, in violation of the covenants contained in the Franchise Agreements.

68. As a result of Defendants' willful and intentional actions, the Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Plaintiff.

69. Attorneys' fees and cost are permitted under the Franchise Agreements.

**COUNT V:**
**BREACH OF CONTRACT**
**(Monetary Relief)**

70. Plaintiff realleges and incorporates by reference Paragraphs 1 through 69 hereof.

71. The First Agreements are valid contracts executed by Plaintiff and TC LLC, as guaranteed by the Individual Defendants.

72. The Stockton Agreement is a valid contract executed by Plaintiff and TI LLC, as guaranteed by the Individual Defendants.

73. Plaintiff has performed every obligation and condition required of it under the Franchise Agreements.

74. Under the Franchise Agreements, TC LLC agreed to pay royalties to Bober Tea throughout the term of the Franchise Agreements.

75.    The Individual Defendants guaranteed TC LLC's obligations under the Franchise Agreements, including TC LLC's obligation to pay royalties.

76.    Defendants have failed to pay royalties for the months of May 2024, through April 2025.

77.    Additionally, Defendants are obligated to pay royalties and other fees through the remainder of the Franchise Agreements – i.e., through May 2025.

78.    By virtue of Defendants' failure to pay past and future royalties and other fees owing under the Franchise Agreements, they have harmed Plaintiff in an amount equal to the past due royalties, royalties for the month May 2025, plus interest, late fees, attorneys' fees, and costs incurred by Plaintiff in connection with the collection and enforcement of the Franchise Agreements.

## COUNT VI:
## UNJUST ENRICHMENT/RESTITUTION

79.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 78 hereof.

80.    Defendants have knowingly and intentionally misappropriated confidential information in furtherance of their operation of the Formerly-Franchised Businesses from the same locations and using the same recipes, methods of operation, and System.

81.    Defendants have used and continue to use the Formerly-Franchised Businesses as a boba tea business and continue to display the Mochi Dough Mark in order to confuse, mislead, and/or deceive others in violation of the Lanham Act.

82.    Defendants are parties to the Franchise Agreements, and are aware of contents thereof, such that Plaintiff expects to be compensated, and that Defendants should compensate Plaintiff for use of the Mochi Dough Mark, confidential information, and good will as set forth in the Franchise Agreements.

83.    Defendants knowingly retain these benefits, to which they are not rightfully entitled, at the expense and to the damage of Plaintiff.

84.    There is no adequate remedy at law that will protect Plaintiff from continued irreparable injury or fully compensate it for the damage caused by Defendants' wrongful conduct.

///

## COUNT VII:
## UNFAIR COMPETITION

85. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84 hereof.

86. Defendants have engaged and will continue to engage in illegally using and displaying the Mochi Dough Mark in violation of the Lanham Act.

87. Defendants improperly use, and will continue to use, Plaintiff's confidential information in furtherance of the operation of the Formerly-Franchised Businesses, which competes directly with Plaintiff out of the same locations and using the same System as a Bober Tea franchise.

88. Defendants have and will continue to unfairly profit from using the Mochi Dough Mark and good will to confuse, mislead, and/or deceive current and prospective Bober Tea customers into obtaining goods and services from the Formerly-Franchised Businesses because the locations appear to be Bober Tea franchises though Defendants failed to make any royalty or other payments to Plaintiff.

89. Through their actions, Defendants are intentionally attempting to deceive Plaintiff's current and prospective customers for Defendants' business gain.

90. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparably injury and is entitled to monetary damages in an amount to be determined at trial.

## COUNT VIII:
## VIOLATION OF THE DEFEND TRADE SECRETS ACT

91. Plaintiff realleges and incorporates by reference Paragraphs 1 through 90 hereof.

92. The DTSA provides a private civil action for the misappropriation of trade secrets that are related to a product or service used in interstate or foreign commerce.

93. Plaintiff owns numerous trade secrets, including without limitation, its recipe book. Plaintiff's trade secrets implicate interstate commerce, and each of the Defendants are engaged in interstate commerce.

94. Throughout Plaintiff's existence, Plaintiff has carefully developed and refined its trade secrets, which are key ingredients of their continued success.

95. Plaintiff's trade secrets provide independent economic value as Plaintiff use the confidential information to procure and maintain customers, through competitive pricing and confidential and proprietary processes and procedures.

96. Plaintiff's confidential information is not generally known and is not readily ascertainable by proper means.

97. Plaintiff has taken extensive measures to preserve and protect its trade secrets for the purpose of maintaining its competitive advantage, and only discloses such information to officers, employees and licensees who have promised to keep the confidential information strictly confidential to only use it in connection with a Bober Tea business.

98. Plaintiff took steps to prevent disclosure of its confidential information, including, but not limited to mandating those with access sign confidentiality agreements, and preventing its confidential information from being accessed by the public. Defendants have intentionally disclosed Plaintiff's trade secrets to others for their benefit and/or the benefit of third parties with knowledge that such disclosure would harm Plaintiff.

99. As a direct and proximate result of each of the Defendants' willful, improper, and unlawful disclosure of Plaintiff's confidential information, Plaintiff has suffered and will continue to suffer immediate and irreparable harm. Pursuant to 18 U.S.C. § 1836(b)(3)(B), Plaintiff is entitled to recover damages for its actual losses, and to prevent Defendants' unjust enrichment. Pursuant to 18 U.S.C. § 1836(b)(3)(A), the Court should enjoin Defendants' use and misappropriation of Plaintiff's confidential information.

100. Each of Defendants' misappropriation of Plaintiff's Confidential Information is willful and malicious, thus warranting an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and an award of reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment with each item of this prayer being for relief additional to, and alternative to each other item and not an election of remedies, as follows:

A. The entry of a preliminary and permanent injunction prohibiting Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concern with them, from:

   i. Using the Mochi Dough Mark and logos and any confusingly-similar Mark;

   ii. Otherwise suggesting that Defendants are affiliates of, sponsored by, or endorsed by Plaintiff;

   iii. Engaging in any other activity constituting unfair competition or trademark infringements;

   iv. Maintaining, using, or disclosing the Operations Manual; and

   v. Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

B. The entry of a preliminary and permanent injunction ordering Defendants to return all Manuals and Confidential Information to Plaintiff;

C. Awarding compensatory and actual damages to be determined at trial;

D. Awarding reasonable attorneys' fees and costs pursuant to the Lanham Act;

E. Awarding reasonable attorneys' fees and costs pursuant to the Defend Trade Secrets Act;

F. Awarding interest as allowed by law; and

G. Awarding such other and further relief as the Court deems just and proper.

Dated: May 7, 2025

DONAHUE FITZGERALD LLP
Attorneys at Law

By:  */s/ Hayley M. Lenahan*
Hayley M. Lenahan
Dawn Newton
DONAHUE FITZGERALD LLP

Evan M. Goldman
Thomas Emmons
THE FRANCHISE FIRM LLP

Attorneys for MICHELLE MOORE LLC